**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANIA CASANDRA BIBIANO RAMIREZ, AKA Tania Casandra Bernal, AKA Tania C. Bibiano Ramirez,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-71528<br><br>Agency No. A086-915-074<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 2, 2015
Pasadena, California

Before: SCHROEDER, PREGERSON, and FRIEDLAND, Circuit Judges.

Petitioner Tania Casandra Bibiano Ramirez is a native and citizen of Mexico

and legal permanent resident of the United States. Ramirez petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her application for

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

cancellation of removal and protection under the Convention Against Torture ("CAT").

The BIA held her removable as a person convicted of an "aggravated felony" pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). The definition of "aggravated felony" includes "a crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F).

Ramirez was convicted of two counts of assault with a deadly weapon in violation of California Penal Code § 245(a)(1) and two counts of leaving the scene of an accident resulting in injury to a person in violation of California Vehicle Code § 20001(a). While driving a car without a license, she repeatedly crashed into other cars and pedestrians, causing serious injuries. We have expressly held that assault with a deadly weapon in violation of California Penal Code § 245(a)(1) is categorically a crime of violence as defined in 18 U.S.C. § 16(a). *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009). Ramirez's two-year prison sentence also satisfied the requirement for a term of imprisonment for at least one year. The BIA therefore properly determined that Ramirez was removable as charged under 8 U.S.C. § 1227(a)(2)(A)(iii) and ineligible for cancellation of removal because of her assault convictions.

2

Substantial evidence supports the BIA's conclusion that Ramirez did not satisfy her burden of demonstrating that she would more likely than not be tortured upon return to Mexico.

The petition for review is **DENIED**.


Pregerson, Circuit Judge, dissenting:

For all intents and purposes, Tania Casandra Bernal is an American. She has spent almost her entire life here: she was brought to the U.S. as an infant; she grew up surrounded by her family, all citizens or lawful permanent residents; and, as an older student, she was in the process of finishing high school. And like many Americans, she had begun to build her own family: she married a U.S. citizen, Andres Bernal, and together they gave life to a U.S. citizen baby girl named Andrea Erin Bernal.

Yet Tania Casandra Bernal, despite her strong ties to America, is suffering more severe punishment than had she been born in the U.S. Sentenced to two years in prison, she has now spent three years behind bars in a state prison and an immigration detention center. She faces an additional harsh penalty—removal to a country she does not know and that she fears.

This harsh punishment is one she will not bear alone: her five-year-old daughter Andrea, a U.S. citizen by birth, will also suffer because her mother is taken from her; she will be deprived of her mother's love, counsel, and presence for many, many, many years. *See Moore v. City of East Cleveland*, 431 U.S. 494, 503–05 (1977) ("Our decisions establish that the Constitution protects the sanctity

of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition.").

I respectfully dissent.